IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCHELLO MOORE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 2:20-cv-02533-JTF |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) ET AL., ) | |
| ) | |
|     Defendants. ) | |

**ORDER GRANTING MOTION TO RESCIND *IN FORMA PAUPERIS* STATUS (ECF 5), GRANTING MOTION FOR EXTENSION TO PAY FILING FEE (ECF NO. 7), AND DIRECTING PAYMENT OF $400 CIVIL FILING FEE WITHIN THIRTY DAYS**

On July 20, 2020, Plaintiff Marchello Moore, Federal Bureau of Prisons register number 27052-076, who is incarcerated at the Federal Correctional Institution (FCI) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 28 U.S.C. § 1331 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  On July 22, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the $350 filing fee (Filing Fee) in accordance with the PLRA. (ECF No. 4 (the July 22 Order).)  The July 22 Order also directs payment of the Filing Fee from Plaintiff's inmate trust fund account at FCI. (*Id*. at PageID 31.)  Just seven days later, Plaintiff filed a motion "to rescind both orders granting leave to proceed *in forma pauperis* and instead grant the Plaintiff a 60 day [extension] to pay both of the filing fees in full." (ECF No. 8 at PageID 33 (Rescission Motion).)  Alternatively, Plaintiff asks that, if the Court is not willing to grant his rescission request, "the Court take this motion/request as being moot." (*Id*.)

In other words, Plaintiff now seeks to rescind the very relief that he not only pursued but was also granted. (*See* ECF Nos. 2 & 4.)

Plaintiff does not explain why he seeks leave to abandon his pauper status in this case. In his IFP Filing, he had stated: "Family sends money to … buy food from commissary. Due to COVID-19, money will be limited or none." (ECF No. 2 at PageID 26.) This statement, if used as context to his Rescission Motion, could suggest that he filed that Motion in the interests of managing the availability of funds in his prison trust account. His most recent motion as to the Filing Fee suggests that his family intends to pay it. (ECF No. 7 at PageID 36 ("There has been a tragedy that prevented my family from paying the Fee")). However, the Court makes no findings on these particular issues.

Despite Plaintiff's failure to suggest good cause for his Rescission Motion, the Court recognizes his right as a litigant to determine, within reason, the manner by which he appears in and prosecutes this suit. That said, the Court has an interest in guaranteeing that litigants: (1) recognize their obligations to timely prosecute the actions they initiate; and (2) avoid vexatiously protracting proceedings to the unfair prejudice of adversaries and the Court.

Balancing all of the foregoing considerations, the Court hereby **GRANTS** Plaintiff's Rescission Motion (ECF No. 5) to the extent he seeks to vacate the July 22 Order granting him *in forma pauperis* status. The Court also **GRANTS** his motion for extension of time to pay the Filing Fee, given the circumstances he suggests in his motion. (ECF No. 7.) The Court **DENIES** the Rescission Motion (ECF No. 5) to the extent he seeks a sixty day extension to pay the civil filing fee. The order granting Plaintiff pauper status and directing payment of the Filing Fee by deductions from his inmate trust account (ECF No. 4) is **VACATED**.

It is further **ORDERED** that the Plaintiff shall submit the entire $400 filing fee[1] within thirty days after the date of this order.

It is further **ORDERED** that the FCI-Memphis and the Clerk of the Court shall abandon efforts to collect the Filing Fee in this case. The Clerk is directed to serve a copy of this order on the warden of the FCI-Memphis and on the official in charge of prison trust accounts at FCI-Memphis.

If Plaintiff fails to abide by the requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court. Plaintiff is further advised that future requests for extensions of time in connection with his pauper status and Filing Fee payment will be summarily dismissed.

**IT IS SO ORDERED**, this 14th day of October, 2020.

    *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees...as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the Plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. As the Court is granting Plaintiff's request to rescind his *in forma pauperis* status in this case, he is liable for the additional $50 fee.